# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Amy M. Parker, Respondent.

Appellate Case No. 2016-001485

Opinion No. 27681
Submitted October 31, 2016 - Filed November 16, 2016

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jennifer Lynn Mook, of Law Office of Jennifer Mook, LLC, of Aiken, for Respondent.

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension for three years or disbarment, with conditions. We accept the Agreement and disbar respondent from the practice of law in this state, with conditions as specified later in this opinion.

## Matter A

Client A hired respondent to represent him in a divorce. Respondent did not promptly communicate with Client A. Mediation was ordered at the temporary hearing. Respondent did not promptly communicate with Client A about scheduled mediation and thereafter did not inform Client A when mediation was rescheduled. This happened several times. Respondent never directly contacted Client A after Client A asked to be contacted by respondent.

Client A fired respondent, requested his file and requested a full refund of the fees he had paid to respondent. Respondent never replied to Client A, did not refund any money, and did not provide Client A with his file.

## Matter B

On May 6, 2013, a family court judge filed a complaint with ODC stating that for several months, respondent had failed to appear for scheduled hearings and had appeared late several times. On several occasions, respondent's clients appeared in court without representation because they had been unable to contact respondent. The judge was concerned that because the clients did not appear in some cases, respondent had failed to notify them of the hearings.

The judge reported that Client B, who was respondent's client and former legal assistant, had appeared before the judge on May 6, 2013, for a custody matter. Respondent did not appear for the hearing. Client B reported to the judge that she had begun working for respondent in February of 2013 but had left respondent's employ two weeks prior to the hearing. Client B told Judge she had asked another attorney to take over representation and asked Judge for a continuance. Client B reported respondent was not communicating with her clients, was not coming to her office, and was not appearing for hearings. Client B also reported respondent was still accepting new clients and taking retainers from them.

Another of respondent's former legal assistants, Assistant A, filed an affidavit with ODC in support of the judge's complaint. Assistant A worked for respondent from October 2011 to October 2012. According to Assistant A, in the beginning of her employment, she could not have asked to be employed by a better person. However, respondent's behavior changed after several months. Assistant A stated respondent would not communicate with her and it was difficult to find respondent on a daily basis. Assistant A would try to contact respondent using several different methods, but respondent would not regularly respond to Assistant A. Assistant A said respondent did not appear for court in domestic, DSS, and criminal cases. According to Assistant A, clients, clerks, and judges called her almost daily looking for respondent.

A third former assistant, Assistant B, also filed an affidavit with ODC. Assistant B worked as respondent's assistant between October 2012 and January 2013. During

Assistant B's first week, respondent never came to the office. Thereafter, respondent was rarely in the office, and when she was there, it was only for a few minutes. Assistant B related respondent had gotten a parasite under her skin while on vacation and could not get rid of it.

Assistant B would schedule consultations for new clients, then respondent would not attend the consultations. On one occasion, respondent did not show up for a consultation, but the client talked to respondent on the telephone. The client hired respondent and paid her $1,500 to file a petition for an emergency custody hearing. On the date of the hearing, Assistant B took the file to court for respondent. The client was there, but respondent never appeared. Assistant B tried several times to reach respondent but was unsuccessful. Assistant B called another attorney who contacted the judge for a continuance on respondent's behalf. On the rescheduled date, respondent failed to appear again.

Assistant B stated respondent failed to appear for scheduled hearings in several cases. Clients called the office to speak to respondent, but respondent was not there to talk to them.

## Matter C

Client C hired respondent in December 2012 to complete her divorce, which had begun in March 2010. Client C signed a retainer agreement and paid respondent $2,500. Respondent did not communicate with Client C despite several attempts by Client C to communicate with respondent. Respondent did not show up for a scheduled appointment. Respondent did not refund any money to Client C when Client C requested a refund.

## Matter D

On January 15, 2013, Client D, who was charged with DUI, paid respondent $1,000 of a $3,000 fee to represent him. He paid the remaining $2,000 by credit card the next day. Client D did not hear from respondent for several months. Respondent was placed on interim suspension by order dated June 4, 2013. *In re Parker*, 403 S.C. 622, 743 S.E.2d 807 (2013). Because Client D did not hear from respondent, he hired another lawyer to represent him. Client D did not receive a refund from respondent.

## Matter E

Client E hired respondent to represent him in a divorce and child custody action. He paid the full quoted fee of $3,500 to respondent. Respondent appeared at the temporary hearing on Client E's behalf on December 12, 2012. Client E's wife was awarded custody, temporary child support, and temporary alimony.

Client E called and emailed respondent about a contempt hearing because he believed respondent was representing him in that action as well as the divorce and child custody action. Respondent asserts she was not retained for the contempt action but admits that her fee agreement was not clear as to the scope of her representation. A court date was set to hear the matter of Client E's child support arrearage, but the hearing was not held due to respondent's absence. Client E later discovered respondent's office was closed and her telephone numbers were disconnected.

## Matter F

Client F appeared at respondent's office for a scheduled consultation on January 14, 2013. Client F was seeking representation in a divorce and child custody action. Client F waited for over an hour before respondent called the office and discovered Client F was there waiting for her. Respondent and Client F discussed the matter on the telephone, and Client F retained respondent. Client F paid respondent $1,300 and agreed to make weekly payments of $100 until the total fee of $3,200 was paid. Respondent told Client F she would file the complaint that week.

Thereafter, Client F tried several times to speak with respondent but respondent was never available. A few weeks later, Client F was served with divorce papers which had been filed by her husband. Client F called respondent's office, and respondent's secretary told her respondent had not filed a complaint on her behalf. Client F tried calling respondent, but respondent only responded with text messages saying she had been sick but was going to start on the case right away. Client F paid a total of $2,400 to respondent.

## Matter G

On May 13, 2011, Client G retained respondent for $1,500 to represent her in a divorce.

On June 27, 2012, Client G's case was dismissed without prejudice pursuant to the 365-day Family Court Benchmark Order. Client G continued to call respondent to find out the status of her case until one day she called respondent's office and discovered the telephone had been disconnected. She then received a letter informing her of respondent's suspension. Two and a half years had passed, and Client G was not divorced.

## Matter H

Client H hired respondent in February 2013 to represent her in a custody matter. Client H paid $1,000 of the quoted $1,500 fee. Client H never met respondent in person. She spoke with respondent once, and respondent indicated the case was a simple one and would take only a couple of months to complete.

Client H called respondent's office and wrote letters to her, but received no response. Client H filed a complaint with ODC in November 2013. At that time, she had not spoken to respondent since April 2013.

### Violations of Rules of Professional Conduct

Respondent admits that by her conduct in Matters A through H, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence in representing client); Rule 1.4 (a lawyer shall keep client reasonably informed and comply with reasonable requests for information); Rule 1.5(b) (a lawyer shall adequately communicate the scope of the representation to the client); Rule 1.5(f) (if a lawyer charges an advance fee, the client is entitled to a refund of all or a portion of the fee if the agreed-upon legal services are not provided); a lawyer shall refund unearned fees); Rule 1.16(b) (a lawyer may withdraw from representation if withdrawal can be accomplished without material adverse effect on the client's interests or good cause for withdrawal exists); Rule 1.16(d) (upon termination of representation, a lawyer

must surrender the client's file to the client); Rule 8.4(e) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

Respondent admits her misconduct constitutes grounds for discipline under Rule 7(a)(1), (3), (5), and (6), RLDE, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to: (a) violate the Rules of Professional Conduct, Rule 407, SCACR, (b) willfully fail to comply with a subpoena issued under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, (c) engage in conduct tending to pollute the administration of justice or to bring the legal profession into disrepute or conduct demonstrating an unfitness to practice law, and (d) violate the oath of office taken to practice law in this state).

### Failure to Cooperate and Rule 417

Respondent failed to respond to the Notices of Investigation in all eight matters discussed above. After receiving the complaint from the family court judge, ODC issued a demand subpoena and had an investigator serve it on respondent. This subpoena required respondent to immediately produce all trust account records kept pursuant to Rule 417, SCACR. Respondent failed to comply with the subpoena. While she indicated to the investigator that she could produce the requested records, she never did. Respondent admits her failure to respond to ODC and her failure to comply with the subpoena violated Rule 8.1(b) of the Rules of Professional Conduct, Rule 407, SCACR. Moreover, respondent admits her failure to maintain financial records violated Rule 417, SCACR. Respondent did not maintain receipt and disbursement journals, did not keep ledger records for her clients, did not maintain physical or electronic equivalents of checkbook registers, bank statements, and records of deposit, did not maintain records of all electronic transfers from client trust accounts, and did not maintain copies of monthly trial balances and monthly reconciliations of client trust accounts.

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of the matters discussed in this opinion.

Respondent shall repay the Lawyers' Fund for Client Protection (Lawyers' Fund) any payments it has made to respondent's former clients on her behalf and shall pay restitution as follows:

(a)     $2,500.00 to Client A;
(b)     $2,500 to Client C;
(c)     $3,000 to Client D;
(d)     $2,400 to Client F;
(e)     $1,500 to Client G; and
(f)     $950 to Client H.

Within sixty (60) days of the date of this opinion, ODC and respondent shall enter into a restitution agreement specifying the terms upon which respondent shall pay restitution to her former clients and to the Lawyers' Fund as ordered by this opinion.

Prior to seeking readmission, respondent shall complete the Legal Ethics and Practice Program Ethics School pursuant to Rule 33(f), RLDE. In addition, she shall complete the Legal Ethics and Practice Program Trust Account School and Law Office Management School and submit proof of completion of these programs to the Commission prior to seeking readmission.

If readmitted, for a period of two (2) years from the date of readmission, respondent shall retain the services of an accountant trained in law office trust accounting to conduct her monthly reconciliations in accordance with Rule 417, SCACR, and she will file her monthly reconciliations and all relevant source documents with the Commission.

According to respondent, the matters described in this opinion occurred during a time when she was using prescription drugs and alcohol to cope with stress and depression. Based on her agreement to do so, we order respondent upon any readmission to either retain the services of a mental health professional for a period of two (2) years or to enter into a two (2) year contract with Lawyers Helping Lawyers. During that two (2) year period or the two (2) year contract, respondent shall submit quarterly reports from either her mental health treatment provider or her Lawyers Helping Lawyers monitor to the Commission.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of this Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**